IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHARLES SMITH ENTERPRISES, LLC,

Plaintiff,

v.

NORTH PLAINS SYSTEMS HOLDINGS, LP,

Defendant.

Civil Action No. ________________

JURY TRIAL DEMANDED

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Charles Smith Enterprises, LLC ("CSE") for its Complaint against Defendant North Plains Systems Holdings, LP ("NORTH PLAINS") for injunctive and declaratory relief and damages, including treble or multiple damages, for patent infringement, states and alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff CSE is the owner of United States Patent No. 6,877,010 ("the '010 Patent").

2. Plaintiff CSE is the owner of United States Patent No. 7,756,876 ("the '876 Patent").

3. Plaintiff CSE is the owner of United States Patent No. 8,060,515 ("the '515 Patent").

4. This is a civil action for the infringement of the '010 Patent, the '876 Patent, and the '515 Patent (collectively, the "Patents-in-Suit"), including the willful infringement of the Patents-in-Suit by Defendant NORTH PLAINS.

5. The technology at issue generally involves customizable logging and content management systems for indexing media. The systems include a timer object that provides a time reference upon request in connection with the media and a logger object that logs predefined events that occur in the media by associating the events with the respective time references from the timer object. The systems can be configured to automatically log predefined events, such as through video analysis, audio analysis, or text analysis.

## PARTIES

6. Plaintiff CSE is a Delaware limited liability company with its principal place of business located at 5 The Crossing, North Caldwell, New Jersey 07006.

7. Plaintiff CSE has invested substantial time and money in researching, acquiring, marketing, and commercializing the technology embodied in the Patents-in Suit.

8. Plaintiff CSE additionally owns pending U.S. patent application Ser. No. 13/279,942, entitled "System and Method for Computer-Assisted Manual and Automatic Logging of Time-Based Media," which is a continuation of and claims priority to U.S. patent application Ser. No. 09/806,008 filed Sep. 20, 2001, which issued as the '010 Patent.

9. Plaintiff CSE's interests in the exploitation of its patented technology in the United States and abroad have been and continue to be harmed by Defendant NORTH PLAINS's infringement of the Patents-in-Suit.

10. Defendant NORTH PLAINS is a Delaware corporation with its principal place of business located 510 Front Street West 4th Floor, Toronto, Ontario M5V 3H3, Canada. Defendant NORTH PLAINS provides digital asset management (DAM) solutions worldwide, including its Telescope™ DAM systems that allow customers control and rapid access to millions of images, videos and other rich media files for commercial use and re-use. On

information and belief, Defendant NORTH PLAINS transacts business within the State of Delaware and has committed acts of patent infringement as hereinafter set forth within the State of Delaware.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, Title 35 of the United States Code § 100 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of the Patents-in-Suit.

12. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Defendant NORTH PLAINS, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b), in that Defendant NORTH PLAINS is a Delaware corporation and is committing acts of patent infringement within the United States and in this judicial district, either directly or indirectly, including the infringing acts alleged herein, and will continue to do so unless enjoined by this Court. Defendant NORTH PLAINS directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products and services in the United States and in this judicial district, including but not limited to Telescope™ DAM systems. Defendant NORTH PLAINS has purposefully and voluntarily sold infringing software and performed infringing services with the expectation that they will be purchased and used by consumers in this judicial district.

## THE PATENTS-IN-SUIT

14. Plaintiff CSE is the owner of the ’010 Patent. The ’010 Patent is entitled “System and Method for Computer-Assisted Manual and Automatic Logging of Time-Based Media.”

Charles Smith is the first named inventor of the ’010 Patent. The ’010 Patent issued on April 5, 2005. A true and correct copy of the ’010 Patent is attached as Exhibit A.

15. Plaintiff CSE is the owner of the ’876 Patent. The ’876 Patent is entitled “System and Method for Computer-Assisted Manual and Automatic Logging of Time-Based Media.” Charles Smith is the first named inventor of the ’876 Patent. The ’876 Patent issued on July 13, 2010. A true and correct copy of the ’876 Patent is attached as Exhibit B.

16. Plaintiff CSE is the owner of the ’515 Patent. The ’515 Patent is entitled “System and Method for Computer-Assisted Manual and Automatic Logging of Time-Based Media.” Charles Smith is the first named inventor of the ’515 Patent. The ’515 Patent issued on November 15, 2011. A true and correct copy of the ’515 Patent is attached as Exhibit C.

## COUNT I
## PATENT INFRINGEMENT OF THE ’010 PATENT BY NORTH PLAINS

17. The allegations in the foregoing paragraphs 1-16 of this Complaint are incorporated by reference herein as if restated and set forth in full.

18. Defendant NORTH PLAINS has directly and indirectly, and is continuing to directly and indirectly infringe the ’010 Patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the ’010 Patent.

19. On information and belief, Defendant NORTH PLAINS has and continues to make, sell, offer for sale, import, and use event logging products/services covered by at least claims 1 and 5 of the ’010 Patent, including but not limited to the Telescope™ DAM systems, without Plaintiff CSE’s authorization in violation of 35 U.S.C. § 271(a).

20. Defendant NORTH PLAINS has in the past and continues to promote and advertise its event logging products/services by promoting its Telescope™ DAM systems on its website, for example. As a result, Defendant NORTH PLAINS has derived and continues to

derive increased revenue from its unauthorized use of the claimed logging and content management systems.

21. On information and belief, Defendant NORTH PLAINS has and continues to indirectly infringe at least claims 1 and 5 by inducing others (e.g., end users of Defendant NORTH PLAINS) to infringe and contributing to the infringement of others in violation of 35 U.S.C. § 271(b) and (c).

22. On information and belief, Defendant NORTH PLAINS has and continues to indirectly infringe one or more claims of the ’010 Patent in this judicial district and elsewhere in the United States, including at least claims 1 and 5, by, among other things, actively inducing users and customers to use its event logging products/services technology, including but not limited to the Telescope™ DAM systems.

23. On information and belief, Defendant NORTH PLAINS has had knowledge of the ’010 Patent since at least the inception of this action. Despite such knowledge, Defendant NORTH PLAINS has specifically intended that its users and customers use the accused systems in such a way that infringes the ’010 Patent by, at a minimum, providing instructions to its users and customers on how to use the accused systems in such a way that infringes the ’010 Patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

24. On information and belief, Defendant NORTH PLAINS has been aware, since at least the inception of this action, that its systems accused of infringement including, but not limited to, the Telescope™ DAM systems technology, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and adapted for use in infringing the ’010 Patent.

25. Defendant NORTH PLAINS committed these acts of infringement without license or authorization.

26. Despite having actual notice of the ’010 Patent since at least the inception of this action, Defendant NORTH PLAINS continues to willfully, wantonly and deliberately infringe the ’010 Patent in disregard of Plaintiff CSE’s rights. Defendant NORTH PLAINS’s continued acts of infringement have been, and will continue to be, willful and deliberate, making this an exceptional case and entitling Plaintiff CSE to increased damages and reasonable attorneys’ fees pursuant to 35 U.S.C. §§ 284 and 285.

27. Defendant NORTH PLAINS’s infringing activities have damaged and continue to damage Plaintiff CSE. Upon information and belief, Defendant NORTH PLAINS will continue to infringe the ’010 Patent, causing irreparable harm to Plaintiff CSE unless enjoined by this Court.

**COUNT II**
**PATENT INFRINGEMENT OF THE ’876 PATENT BY NORTH PLAINS**

28. The allegations in the foregoing paragraphs 1-27 of this Complaint are incorporated by reference herein as if restated and set forth in full.

29. Defendant NORTH PLAINS has directly and indirectly, and is continuing to directly and indirectly infringe the ’876 Patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the ’876 Patent.

30. On information and belief, Defendant NORTH PLAINS has and continues to make, sell, offer for sale, import, and use event logging products/services covered by at least claims 1 and 7 of the ’010 Patent, including but not limited to the Telescope™ DAM systems technology, without Plaintiff CSE’s authorization in violation of 35 U.S.C. § 271(a).

31. Defendant NORTH PLAINS has in the past and continues to promote and advertise its Telescope™ DAM systems technology products/services on its website. As a result, Defendant NORTH PLAINS has derived and continues to derive increased revenue from its unauthorized use of the claimed logging and content management systems.

32. On information and belief, Defendant NORTH PLAINS has and continues to indirectly infringe at least claims 1 and 7 by inducing others (e.g., end users of Defendant NORTH PLAINS) to infringe and contributing to the infringement of others in violation of 35 U.S.C. § 271(b) and (c).

33. On information and belief, Defendant NORTH PLAINS has and continues to indirectly infringe one or more claims of the ’876 Patent in this judicial district and elsewhere in the United States, including at least claims 1 and 7, by, among other things, actively inducing users and customers to use its event logging products/services, including but not limited to the Telescope™ DAM systems technology.

34. On information and belief, Defendant NORTH PLAINS has had knowledge of the ’876 Patent since at least the inception of this action. Despite such knowledge, Defendant NORTH PLAINS has specifically intended that its users and customers use the accused systems in such a way that infringes the ’876 Patent by, at a minimum, providing instructions to its users and customers on how to use the accused systems in such a way that infringes the ’876 Patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

35. On information and belief, Defendant NORTH PLAINS has been aware, since at least the inception of this action, that its systems accused of infringement including, but not limited to, its event logging products/services, including but not limited to the Telescope™

DAM systems technology, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and adapted for use in infringing the ’876 Patent.

36. Defendant NORTH PLAINS committed these acts of infringement without license or authorization.

37. Despite having actual notice of the ’876 Patent since at least the inception of this action, Defendant NORTH PLAINS continues to willfully, wantonly and deliberately infringe the ’876 Patent in disregard of Plaintiff CSE’s rights. Defendant NORTH PLAINS’s continued acts of infringement have been, and will continue to be, willful and deliberate, making this an exceptional case and entitling Plaintiff CSE to increased damages and reasonable attorneys’ fees pursuant to 35 U.S.C. §§ 284 and 285.

38. Defendant NORTH PLAINS’s infringing activities have damaged and continue to damage Plaintiff CSE. Upon information and belief, Defendant NORTH PLAINS will continue to infringe the ’876 Patent, causing irreparable harm to Plaintiff CSE unless enjoined by this Court.

## COUNT III
## PATENT INFRINGEMENT OF THE ’515 PATENT BY NORTH PLAINS

39. The allegations in the foregoing paragraphs 1-38 of this Complaint are incorporated by reference herein as if restated and set forth in full.

40. Defendant NORTH PLAINS has directly and indirectly, and is continuing to directly and indirectly infringe the ’515 Patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the ’515 Patent.

41. On information and belief, Defendant NORTH PLAINS has and continues to make, sell, offer for sale, and use event logging products/services covered by at least claims 1

and 6 of the ’515 Patent, including but not limited to the Telescope™ DAM systems technology, without Plaintiff CSE’s authorization in violation of 35 U.S.C. § 271(a).

42. Defendant NORTH PLAINS has in the past and continues to promote and advertise its event logging products/services by promoting its Telescope™ DAM systems technology products/services on its website. As a result, Defendant NORTH PLAINS has derived and continues to derive increased revenue from its unauthorized use of the claimed logging and content management systems.

43. On information and belief, Defendant NORTH PLAINS has and continues to indirectly infringe at least claims 1 and 6 by inducing others (e.g., end users of Defendant NORTH PLAINS) to infringe and contributing to the infringement of others in violation of 35 U.S.C. § 271(b) and (c).

44. On information and belief, Defendant NORTH PLAINS has and continues to indirectly infringe one or more claims of the ’515 Patent in this judicial district and elsewhere in the United States, including at least claims 1 and 6, by, among other things, actively inducing users and customers to use its event logging products/services, including but not limited to the Telescope™ DAM systems technology.

45. On information and belief, Defendant NORTH PLAINS has had knowledge of the ’515 Patent since at least the inception of this action. Despite such knowledge, Defendant NORTH PLAINS has specifically intended that its users and customers use the accused systems in such a way that infringes the ’515 Patent by, at a minimum, providing instructions to its users and customers on how to use the accused systems in such a way that infringes the ’515 Patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

46. On information and belief, Defendant NORTH PLAINS has been aware, since at least the inception of this action, that its systems accused of infringement including, but not limited to, its event logging products/services, including but not limited to the Telescope™ DAM systems technology, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and adapted for use in infringing the ’515 Patent.

47. Defendant NORTH PLAINS committed these acts of infringement without license or authorization.

48. Despite having actual notice of the ’515 Patent since at least the inception of this action, Defendant NORTH PLAINS continues to willfully, wantonly and deliberately infringe the ’515 Patent in disregard of Plaintiff CSE’s rights. Defendant NORTH PLAINS’s continued acts of infringement have been, and will continue to be, willful and deliberate, making this an exceptional case and entitling Plaintiff CSE to increased damages and reasonable attorneys’ fees pursuant to 35 U.S.C. §§ 284 and 285.

49. Defendant NORTH PLAINS’s infringing activities have damaged and continue to damage Plaintiff CSE. Upon information and belief, Defendant NORTH PLAINS will continue to infringe the ’515 Patent, causing irreparable harm to Plaintiff CSE unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Charles Smith Enterprises, LLC prays for judgment as follows:

A. That Defendant NORTH PLAINS has infringed the Patents-in-Suit;

B. That Defendant NORTH PLAINS infringement of the Patents-in-Suit has been willful;

C. That Defendant NORTH PLAINS and its parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and selling products that infringe, contributing to the infringement of the Patents-in-Suit, and from inducing the infringement of the Patents-in-Suit, prior to its expiration, including any extensions;

D. That Defendant NORTH PLAINS and its parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them deliver to Plaintiff CSE all products that infringe the Patents-in-Suit for destruction at Plaintiff CSE's option;

E. That Plaintiff CSE be awarded monetary relief adequate to compensate Plaintiff CSE for Defendant NORTH PLAINS's acts of infringement of the Patents-in-Suit within the United States prior to the expiration of the Patents-in-Suit, including any extensions;

F. That any monetary relief awarded to Plaintiff CSE regarding the infringement of the Patents-in-Suit by Defendant NORTH PLAINS be increased due to the willful nature Defendant NORTH PLAINS's infringement of the Patents-in-Suit;

G. That any monetary relief awarded to Plaintiff CSE be awarded with prejudgment interest;

H. That this is an exceptional case and that Plaintiff CSE be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

I. That Plaintiff CSE be awarded such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of any and all issues triable of right by a jury.

Dated: February 14, 2014

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) *[kpascale@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiff,*
*Charles Smith Enterprises, LLC*

*Of Counsel:*

Gaspare J. Bono
Song K. Jung
Adrian P.J. Mollo
Derek A. Auito
Sunjeev S. Sikand
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500